

FILED

NOV 10 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD WAYNE SPARKS,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE (RECLASS OFFICER), SGT. LACIE WILLIAMS, CDO MARK JOHNSON, SHERIFF ED LESTER, SGT. WALTER JOHNSON, ANDY THATCHER, and T.J. CARTER,<br><br>Defendants. | CV-15-00038-BU-JCL<br><br><br>ORDER |

On October 14, 2016, this Court issued an Order granting Defendants' Motion to Compel Plaintiff Richard Sparks to comply with Sections I(A) and I(B)(1) of the Court's July 22, 2016 Scheduling Order. (Doc. 34.) The Court gave Sparks until October 28, 2016 to file his disclosure statement and provide Defendants with copies of all documents, electronically stored information, and tangible things that may be used in proving or denying any party's claims or defenses. (Doc. 34; Sch. Ord., Doc. 27 at ¶¶I(A), I(B)(1)). Sparks was specifically advised that failure to comply with the Court's Order would result in

1

the dismissal of this action with prejudice. (Doc. 34.) *See Fed.R.Civ.P. 41(b)*; *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987)(a court may dismiss an action, with prejudice, for failure to obey a court order).

Based upon Sparks's failure to comply with the Court's July 22, 2016 Scheduling Order (Doc. 27) and the Court's October 14, 2016 Order (Doc. 34), this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.

2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case was filed over a year ago. It is at a critical stage in that it is the beginning of the discovery process and Sparks has failed to comply with Court imposed discovery obligations. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Sparks refuses to comply with Court imposed deadlines and discovery obligations. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*,

3

833 F.2d 128, 131 (9th Cir. 1987). Sparks's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Sparks was made aware of his disclosure obligations in the Court's July 22, 2016 Scheduling Order. (Doc. 27.) The Court gave Sparks additional time to comply with his disclosure obligations and warned him about the consequences of not complying with his disclosure obligations in its Order dated October 14, 2016. Sparks did not respond. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. This matter is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court shall close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 10th day of November, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge